[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #104 MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in its complaint dated December 4, 2001, that the plaintiff is a corporation organized and existing under the laws of the State of Connecticut doing business as Rent-A-Wreck. On October 23, 2000, the defendant Gabriella Cloud and/or Carla Yarbrough entered into a written rental agreement for a 1996 Ford Escort. The defendant Yarbrough presented her American Express card and signed a pre-authorization charge slip for the rental of the vehicle. On or about October 31, 2001, the plaintiff received a telephone call informing it that the aforementioned vehicle had been damaged in an automobile accident. The plaintiff claims that the defendant is liable for the damage to the automobile.
On March 27, 2002, the defendant filed a Motion for Summary Judgment, asserting that Carla Yarbrough is not a party to the rental agreement.
On May 13, 2002, the defendant filed a Request for Permission to File an Amended Complaint. While the original complaint was brought as a one count breach of contract action, the amended complaint is brought in the five counts as follows:
1. Express Contract.
 2. In the alternative, implied contract as to Carla Yarbrough.
 3. In the alternative, detrimental reliance as to Carla Yarbrough.
 4. In the alternative, implied contract to guarantee as to Carla Yarbrough.
 5. In the alternative, detrimental reliance — promise to guarantee as to Carla Yarbrough.
CT Page 12257
Section 10-60 (3) of the Connecticut Practice Book concerns amending a complaint by filing a request for leave to file such amendment. This section provides that:
 (3) By filing a request for leave to file such amendment, with the amendment appended, after service upon each party as provided by Sections 10-12 through 10-17, and with proof of service endorsed thereon. If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor, shall, after service upon each party as provided by Sections 10-12 through 10-17
and with proof of service endorsed thereon, be filed with the clerk within the time specified above and placed upon the next short calendar list.
The defendant has not filed an objection to the amended complaint, nor has any portion of the amended complaint been stricken as of this date. Therefore the operative complaint in the instant action is the May 13, 2002 complaint.
The issue that is before the Court is a motion for summary judgment.
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn.
195, 201, 727 A.2d 700 (1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001). CT Page 12258
The instant motion for summary judgment addressed issues raised in the original complaint. The Amended Complaint, however varies greatly from the original, including but not limited to alternate theories of the case. There are genuine issues of material fact that remain to be resolved. The Motion for Summary Judgment is denied.
 Richard A. Robinson, J. September 13, 2002
CT Page 12259